

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

THOMAS A. HOWARD            *

v.                          *   Civil No. JFM-00-2151
                            *
FIRST VALUE HOMES, ET AL.   *

*****

## MEMORANDUM

Plaintiff has brought this action against his former employer, First Value Homes, Inc. ("First Value") and First Value's parent corporation, American Homestar Corporation ("American Homestar"). Defendants have filed a motion to dismiss for lack of jurisdiction or, in the alternative, to transfer.[1] First Value is engaged in the business of selling modular homes. It has only one corporate office, in Gastonia, North Carolina, at which all of its corporate officers work. All personnel records and other corporate records are maintained at the Gastonia office. First Value has sales centers in six locations throughout North Carolina, and one in South Carolina. First Value sells homes only in those two states. It is not licensed to conduct business in Maryland and conducts no business there.

First Value is a wholly-owned subsidiary of American Homestar. American Homestar is engaged in multiple facets of homebuilding and sales. It is a Texas corporation with its primary corporate office and principal place of business in League City, Texas. All corporate offices are located in Texas. American Homestar is not licensed to do business in Maryland and conducts no business there. Nor do any of its other subsidiaries.

---

[1] The action was initially filed in the Circuit Court for Howard County, Maryland, from which it was properly removed to this court.

Plaintiff was hired by First Value as its Vice President of Construction on June 22, 1999. In seeking to fill the position, First Value had engaged Kimmel & Associates, an executive search firm headquartered in Asheville, North Carolina. Kimmel & Associates located plaintiff as a potential candidate and placed First Value in touch with him. During May and June 1999, First Value met with plaintiff in North Carolina for discussions, negotiations, and testing regarding potential employment. Plaintiff alleges that during those discussions First Value made certain misrepresentations to him that are the basis for this action.

Plaintiff was employed by First Value until October 1999, when he, and two other First Value employees, were notified they were being laid off for financial reasons. While employed by First Value, plaintiff resided and worked in North Carolina.

The only contact plaintiff alleges First Value has had with Maryland is its hiring of him through the services of Kimmel & Associates. Plaintiff does not allege that American Homestar has had any direct contacts with Maryland but that the contacts of First Value are sufficient to subject it to personal jurisdiction in Maryland.

Plaintiff relies solely upon the general principle that, as a matter of Maryland law and federal constitutional law, a defendant is subject to jurisdiction if it has engaged in purposeful activity in the state. That principle, of course, is well established. However, plaintiff has cited no authority whatsoever to support the application of that principle where a defendant has done nothing more than identify a prospective employee through an independent executive search firm and then, through the search firm, contacting the prospective employee for the purpose of asking him to come to another state for interviews, negotiation, and testing.

I have little doubt that neither First Value nor American Homestar is subject to personal jurisdiction in Maryland. I have absolutely no doubt that for me to hold that they are subject to such jurisdiction would inject into the case an unnecessary legal issue that would render everything done in this litigation in this court null and void if, on appeal, jurisdiction were found to be lacking. Such a result self-evidently would be contrary to the public interest. Under similar circumstances I have found the transfer to a district in which the action could have been brought to be the appropriate remedy. See Harry and Jeanette Weinberg Found. Inc. v. ANB Inv. Management and Trust Co., 966 F. Supp. 389, 392 (D. Md. 1997); Joseph M. Coleman & Assocs. v. Colonial Metals, 887 F. Supp. 116, 120 (D. Md. 1995). Here, jurisdiction in the Western District of North Carolina, where plaintiff worked while employed by First Value, clearly would be proper. Accordingly, I will enter an order of transfer to that court.

Date: August 17, 2000

J. Frederick Motz
United States District Judge